# CASE NO. 23-1986

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

DERRICK COLEMAN, individually and as Administrator of the Estate of Devonte Coleman; TANGY COLEMAN,

    *Plaintiffs – Appellants,*

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; KENNETH E. LASSITER, in his individual capacity as Director of Prisons; JOHN AND JANE DOES, employees of the North Carolina Department of Public Safety; BYRON BURT, in his individual capacity; REECO RICHARDSON, in his individual capacity; DEANISE ROYAL, in her individual capacity; BRONNIE MCLAMB, in his individual capacity; JESSICA WARD, in her individual capacity; DANA OLIVER, in her individual capacity; PAULA DIGGS, in her individual capacity; AZENET SALAS, in her individual capacity; CHRISSY TADJOU, Sgt, in her individual capacity; JOE RATLEY, in his individual capacity; EDWARD THOMAS, Warden in his individual capacity; PETER R. BUCHHOLTZ, in his individual capacity; KRISTIE BRAYBOY, Warden, in her individual capacity,

    *Defendants – Appellees.*

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF NORTH CAROLINA

**REPLY BRIEF OF APPELLANTS**

SUBMITTED BY:
F. William DeVore, IV
Brittany N. Conner
S. Cramer Lewis
DeVore, Acton & Stafford, P.A.
438 Queens Road, Charlotte, North Carolina 28207
(704) 377-5242 | Clewis@devact.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .........................................................................................................1

    I.    The district court erred by granting summary judgment dismissing Plaintiffs' state constitutional claims against NCDPS. .........................................................1

        **A.**    **The Plaintiffs' arguments were asserted to the district court.** ............1

        **B.**    **The Plaintiffs had no adequate state remedy.** .......................................4

# TABLE OF AUTHORITIES

**Cases**

*Alt v. Parker*,
    112 N.C. App. 307 (1993) ................................................................. 6, 7

*Arch Insurance Company v. Berkley National Insurance Company*,
    856 Fed.Appx. 439 (4th Cir. 2021) ..................................................... 2, 4

*Copper v. Denlinger*,
    363 N.C. 784 (2010) ............................................................................ 4

*Craig v. New Hanover Cty. Bd. of Educ.*,
    363 N.C. 334 (2009) ........................................................................ 4, 5

*Frazier v. Murray*,
    519 S.E.2d 525 (N.C. App. 1999) ........................................................ 6

*In re Under Seal*,
    749 F.3d 276 (4th Cir. 2014) ............................................................... 1

*Kollsman, A Div. of Sequa Corp. v. Cohen*,
    996 F.2d 702 (4th Cir. 1993) ............................................................... 1

*Sandford v. R.L. Coleman Realty Co., Inc.*,
    573 F.2d 173 (4th Cir. 1978) ...................................................... 1, 2, 3

*Wilcox v. City of Asheville*,
    222 N.C. App. 285 (2012) ................................................................... 6

# ARGUMENT

## I. The district court erred by granting summary judgment dismissing Plaintiffs' state constitutional claims against NCDPS.

### A. The Plaintiffs' arguments were asserted to the district court.

In the district court, Plaintiffs raised the same theory of liability under the North Carolina Constitution that they have now raised on appeal. From their initial complaint to their arguments at summary judgment, Plaintiffs raised, pressed, and preserved their state constitutional claim.

"To preserve an issue for appeal, an objection [or argument] must be timely and state the grounds on which it is based." *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014)(quoting *Kollsman, A Div. of Sequa Corp. v. Cohen*, 996 F.2d 702, 707 (4th Cir. 1993)). This Court has held that a party may not raise a new or contradictory theory on appeal. *Sandford v. R.L. Coleman Realty Co., Inc.*, 573 F.2d 173, 176 (4th Cir. 1978). In *Sandford*, the plaintiff-appellant claimed that the district court erred by including an intent component in a jury instruction requested by the plaintiff and never objected to by the plaintiff. *Id.* This Court would not allow the plaintiff-appellant to claim an alleged error that was contradictory to the position she had maintained throughout the trial, particularly where she had memorialized that

position in a jury instruction of her own design. *Id*. In *Arch Insurance Company v. Berkley National Insurance Company*, 856 Fed.Appx. 439, 443 (4th Cir. 2021), this Court held that an argument was not raised in the district court where the newly raised argument was based on portions of an agreement that were cited in the district court "in the context of a different argument."

Here, Plaintiffs' complaint alleged violations of the North Carolina Constitution and specifically cited Article I, Section 27, which protects against cruel or unusual punishments. JA045. Plaintiffs also stated claims for conversion and common law obstruction of justice against NCDPS. JA045, JA048-049. In their summary judgment brief submitted to the district court, Plaintiffs argued that their conversion and obstruction claims should proceed directly under the North Carolina Constitution to the extent that those claims are barred by sovereign immunity. D.E. 74, at 5. Defendants, in their Response to Plaintiffs' Opening Brief to this Court, argued that Plaintiffs failed to raise the theory that NCDPS violated Devonte's state constitutional rights. Doc: 47, 6-8. In support of this argument, Defendants directed this Court to portions of Plaintiffs' summary judgment brief that did not address the relevant issue. *Id*. Despite this sleight of hand, Defendants did not address the section of Plaintiffs' summary judgment brief–submitted to the district court and quoted in Plaintiff's Opening Brief to this Court–that specifically raised the *Corum* claim issue

2

that is the subject of this appeal. In their brief in opposition to summary judgment submitted to the district court, the Plaintiffs argued:

> [T]o the extent that this Court finds that Plaintiffs' common law claims for Conversion . . . and Obstruction of Justice are barred by sovereign immunity, there is no adequate remedy for the wrongs underlying those claims. The facts establishing those underlying wrongs evidence violations of the rights guaranteed Devonte under the North Carolina Constitution for which sovereign immunity is no bar because the sovereign itself has guaranteed those rights.

D.E. 74, at 5; Doc: 31, at 20-21.

Moreover, at oral argument, Plaintiffs further pursued this theory. Plaintiffs' counsel explained, regarding the obstruction claim, that because "1983 is premised on naming individual actors . . . conveniently losing all records . . . of those individuals [should not] allow them to then plead that they are immune from a lawsuit." JA210. Similar to the missing hospital records, Plaintiffs' above-described argument was conveniently missing from the Defendants' Response Brief submitted to this Court.

Thus, unlike the appellant in *Sandford*, the Plaintiffs here have raised an issue on appeal that is not contradictory to and does not undermine any position adopted or taken by the Plaintiffs in the district court. 573 F.2d, at 176. Plaintiffs timely raised their theory of liability against NCDPS under the North Carolina Constitution and stated the grounds for this argument. The Defendants simply failed to respond to this argument in the district court. Moreover, unlike the appellant in *Arch*

3

*Insurance Company*, the Plaintiffs here have not attempted to repackage evidence cited for a different purpose in the district court to support their argument on appeal. 856 Fed.Appx., at 443. Plaintiffs specifically argued to the district court that the facts establishing conversion and obstruction of justice also establish violations of Devonte's rights under the North Carolina Constitution and that Plaintiffs do not have an adequate remedy at state law. D.E. 74, at 5; Doc: 31, at 20-21; JA210.

Thus, Plaintiffs have not shifted horses midstream or attempted to invoke a new or contradictory theory on appeal. Plaintiffs stated and argued that they would have no adequate remedy for the conversion and obstruction claims against NCDPS if those claims were dismissed on sovereign immunity grounds. Importantly, as addressed below, the district court dismissed the obstruction and conversion claims against NCDPS on sovereign immunity grounds alone. However, the district court did not rule on whether those claims should proceed directly under the North Carolina Constitution.

### B. The Plaintiffs had no adequate state remedy.

An adequate state remedy is not available where a plaintiff's claims against a defendant are barred by sovereign immunity. *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 356-57 (2009); *See also Copper v. Denlinger*, 363 N.C. 784, 688 (2010); *Craig*, 363 N.C. at 339-40 ("[T]o be considered adequate in redressing

a constitutional wrong, a plaintiff must have at least the opportunity to enter the courthouse doors and present his claim.").

Here, the district court specifically held that "because the torts of conversion [and] obstruction of justice . . . [are] intentional torts, Plaintiffs' claims against NCDPS are all barred by the doctrine of sovereign immunity." JA251. The Defendants, likewise, argued to the district court that "NCDPS is entitled to sovereign immunity on Plaintiff's common law obstruction of justice claim." D.E. 71, at 5. In their Response Brief to this Court, Defendants have argued, without citation, that because Plaintiffs have not appealed their claims for conversion and obstruction of justice against NCDPS, this demonstrates that there is no basis for Plaintiffs' theory of recovery under the North Carolina Constitution. Doc 47, at 9.

Notwithstanding this half-syllogism, a correct apprehension of *Corum* and its progeny demonstrates that because sovereign immunity completely barred the Plaintiffs from "enter[ing] the courthouse doors" on their claims for obstruction and conversion against NCDPS, the Plaintiffs have no adequate remedy. *Craig*, 363 N.C. at 342 ("common law negligence claim [was] not an 'adequate remedy at state law' because it [was] entirely precluded by the application of the doctrine of sovereign immunity.").

Plaintiffs' negligence claim against NCDPS in the North Carolina Industrial Commission is not an adequate remedy for Plaintiffs' intentional tort claims against NCDPS.

Under the North Carolina Tort Claims Act, the Industrial Commission does not have jurisdiction to award damages based on intentional acts. *Frazier v. Murray*, 519 S.E.2d 525, 528 (N.C. App. 1999). As such, Plaintiffs' claims against NCDPS for obstruction and conversion cannot be remedied by the Industrial Commission.

Moreover, North Carolina courts have provided guidance as to the types of remedies deemed adequate to bar a *Corum* claim. In *Wilcox v. City of Asheville*, 222 N.C. App. 285, 299-300 (2012), the plaintiff's *Corum* claim based on an unreasonable use of force was dismissed because the plaintiff still had the chance to obtain relief against the individual defendants on her claims for negligence and gross negligence despite the heightened burden required by public official immunity. Similarly, in *Alt v. Parker*, 112 N.C. App. 307, 317-18 (1993), the plaintiff's *Corum* claim based on unlawful restraint and seclusion at a state mental hospital was dismissed because the plaintiff failed to pursue administrative remedies and, significantly, because the plaintiff had maintained a common law tort action against individual defendants for false imprisonment.

Unlike the plaintiff in *Wilcox*, Plaintiffs here did not have any remedy available against any individual for obstruction or conversion. As the Defendants

have pointed out in this case, the Plaintiffs were unable to identify individual(s) who converted Devonte's property or who lost or destroyed the hospital records. JA273, JA228. Plaintiffs have argued that this predicament was orchestrated by NCDPS, who, despite knowledge of Devonte's mistreatment as early as June 2018, refused to produce or preserve pertinent hospital records or Devonte's property. JA273. Plaintiffs' situation here is also unlike the circumstances in *Alt*, where the plaintiff neglected to take up administrative remedies or to pursue a claim for false imprisonment against the individual(s) who had restrained him. 112 N.C. App., at 317-18. This case is the inverse of *Alt*. In this case, Plaintiffs are not suing NCDPS in search of an alternative remedy for intentional torts committed by NCDPS agents. Conversely, the Plaintiffs here seek a state constitutional remedy for the intentional torts committed by NCDPS, which were strategically undertaken in an effort to cover up separate wrongs committed by NCDPS agents and to deprive Devonte of the ability to redress those wrongs.

Respectfully submitted, this the 31st day of May, 2024.

/s/ F. William DeVore, IV
DEVORE, ACTON & STAFFORD, P.A.
438 Queens Road
Charlotte, North Carolina 28207
(704) 377-5242
will@devact.com

/s/ Brittany N. Conner
DEVORE, ACTON & STAFFORD, P.A.
438 Queens Road
Charlotte, North Carolina 28207
(704) 377-5242
bconner@devact.com


/s/ S. Cramer Lewis
DEVORE, ACTON & STAFFORD, P.A.
438 Queens Road
Charlotte, North Carolina 28207
(704) 377-5242
clewis@devact.com


*Counsel for Plaintiff Appellants*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 23-1986    Caption: COLEMAN et al v. N.C. DEP'T OF PUB. SAFETY et al

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains __1,522__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using Microsoft Word [*identify word processing program*] in 14 point, Times New Roman [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) /s/ F. William DeVore, IV

Party Name Coleman et al

Dated: 5/28/2024

# CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the foregoing document was filed through ECF and thereby, will be served upon Defendants-Appellees via email as follows:

Alex R. Williams
North Carolina Department of Justice
(919) 716-6528
114 W. Edenton St.
Raleigh, NC 27603
awilliams@ncdoj.gov

*Attorney for Defendants – Appellees*

This the 31st day of May, 2024.

DEVORE, ACTON & STAFFORD PA

/s/ F. William DeVore, IV
F. William DeVore, IV, NC State Bar No. 39633
438 Queens Road
Charlotte, North Carolina 28207
Telephone: (704) 377-5242
Facsimile: (704) 332-2825
wdevore@devact.com
*Attorney for Plaintiffs - Appellants*